UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

WILLIAM R. SADDLER, ET AL          CIVIL ACTION NO. 09-cv-0212

VERSUS                             JUDGE WALTER

CHESAPEAKE LOUISIANA, LP, ET AL    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Defendants Chesapeake Louisiana, LP and Chesapeake Operating, Inc. removed this case based on an assertion of diversity jurisdiction. The corporate defendant has alleged its citizenship in accordance with the statutory rule for determining the citizenship of a corporation. The limited partnership defendant has alleged the citizenship of its corporate general partner, but the court must consider the citizenship of each partner, both general and limited, to determine the existence of diversity jurisdiction. Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990); Moran v. Gulf South Pipeline Co., L.P., 2007 WL 276196 (W.D. La. 2007) (same rules apply even when there are several thousand limited partners). Accordingly, Chesapeake Louisiana, LP has not properly alleged the facts necessary to meets its burden of establishing a basis for diversity jurisdiction.

If the partners are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The need

for such detail was recently demonstrated by Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership.

The removing defendants allege that plaintiff Saddler Ranch Estates, LLC has its (unspecified) members domiciled in Louisiana. The Mullins opinion also makes clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, is not sufficient. It has been the experience of this court that lawyers representing entities have alleged that all members or partners were of diverse citizenship but, when required to name each partner and allege his citizenship with particularity, the result was sometimes a lack of diversity. Such situations must be determined early before there is a waste of resources pursuing the case in a federal court that lacks jurisdiction.

The removing defendants will be permitted until **March 9, 2009** to file an amended notice of removal and attempt to plead the facts necessary to satisfy their burden of establishing a basis for the exercise of diversity jurisdiction. The information regarding members in Saddler Ranch Estates, LLC is likely not available from any public records source. Parties in Saddler's position ordinarily provide the information voluntarily, and Saddler is encouraged to do so in this case so that this preliminary issue may be resolved as quickly and efficiently as possible. If Saddler will not voluntarily provide the information, the defendants are granted leave to conduct discovery on the issue and seek any reasonable

and necessary extensions of time to gather the information and amend their notice of removal.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of February, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE