U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 1 0 2009

TONY R. M— , CLERK
BY ———————— DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| WILLIAM R. SADDLER, AND<br>SADDLER RANCH ESTATES, LLC | CIVIL ACTION NO: 09-0212 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHESAPEAKE LOUISIANA, LP<br>CHESAPEAKE LOUISIANA, LLC, AND<br>MC MINERAL COMPANY, LLC | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss Counterclaims filed by Plaintiffs / Counter Defendants, William R. Saddler, ("Saddler"), and Saddler Ranch Estates, LLC, ("Saddler Ranch"), pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. #23. Plaintiffs move the Court to dismiss the counterclaims asserted by Defendant / Counter Plaintiff, MC Mineral Company, LLC ("MC Mineral"). MC Mineral opposes this motion. *See* Doc. #26. For the reasons stated herein, Plaintiff's Motion to Dismiss Counterclaims is **GRANTED IN PART AND DENIED IN PART.**

### I.     Factual Background

Saddler and Saddler Ranch filed suit regarding the assignment of mineral rights against Chesapeake Louisiana, L.P., Chesapeake Operating, Inc., and MC Mineral. Plaintiffs allege that Defendants failed to disclose information regarding the value of the mineral rights owned by Saddler and Saddler Ranch. Plaintiffs assert the following claims: (1) Breach of implied duties of good faith and fair dealing against Chesapeake Louisiana, LP; (2) Fraud against all Defendants; and (3) violation of the Louisiana Unfair Trade Practices Act (LUPTA), La. R.S. 51:1401, *et seq.* against all Defendants.

Defendants removed this cause of action to federal court based on diversity of citizenship. *See* Doc. #14 In its answer, MC Mineral included the following counterclaims: (1) attorneys' fees and costs for the litigation necessary due to a "cloud on the title" of the mineral lease in question; (2) attorneys' fees under the Louisiana Unfair Trade Practices Act based on Plaintiffs' alleged violation of La. R.S. 51:1409(A); and (3) the return of the consideration paid by MC Mineral for the acquired mineral lease if the court should find that rescission of the deed is appropriate. *See* Doc. #18.

## II. Law and Analysis

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). Courts must liberally construe the complaint in the plaintiff's favor, taking all well-pleaded facts as true. *See id.* To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 544. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *See Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006).

### A. Attorneys' Fees for Cloud on the Title

Under Louisiana law, attorneys' fees are not recoverable except where such recovery is authorized by statute or contract. *See Ogea v. Loffland Brothers Co.*, 622 F.2d 186 (5th Cir. 1980). MC Mineral asserts a counterclaim for an award in an amount equal to the [attorneys'] fees and costs it incurs in defense of this case to remove the "cloud on the title" caused by the filing of the instant litigation. Plaintiffs argue that there can be no cognizable claim for "cloud of title" because a lis

pendens has not been filed. Citing to Texas law, MC Mineral counters that this judicial proceeding, which is of public record, will ultimately determine the validity of the deed and is therefore a cloud on the title. *See* Doc. #26 at 2-3. Regardless of the ultimate merits of its claim, MC Mineral must provide Louisiana case law, statute, or term of a contract which would allow for the recovery of attorneys' fees.

The correct procedural method for obtaining an award of fees and costs is to file a motion pursuant to Federal Rule of Civil Procedure 54(d), not a counterclaim. If MC Mineral is successful in defending this lawsuit it may file a motion for attorneys' fees and costs with a memorandum providing sufficient support for such a request. Accordingly, Plaintiffs' motion to dismiss MC Mineral's counterclaim for attorneys' fees and costs necessary to remove the "cloud on the title" caused by the filing of this lawsuit is **GRANTED.**

B. Attorneys' Fees Pursuant to La. Rev. Stat. 51:1409(A)

Plaintiffs allege that all Defendants have violated Louisiana Unfair Trade Practices Act (LUPTA), La. R.S. 51:1401, *et seq.* Statutory authority is provided under the LUPTA provisions to allow the court to award attorneys fees to a defendant who has been sued on a groundless claim under the Act. The Act states as follows: "Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs." La. R.S. 51:1409(A).

Plaintiffs argue that any attorney fees awarded pursuant to this section would be penal in nature and within discretion of the court, but do not qualify as a "cause of action." *See* Doc. #23 at 4. Plaintiffs also argue that MC Mineral cannot meet the numerous requirements of LUPTA to assert any cognizable claim under the Act. MC Mineral responds by asserting that its counterclaim for attorneys' fees is based on statutory law, and should not be dismissed. The Court finds that

LUPTA clearly anticipates that it may award attorneys' fees against a plaintiff who files a groundless claim in bad faith, or merely for the purposes of harassment.

If MC Mineral is successful in defending itself of the LUPTA claim it may file a motion for attorneys' fees and costs pursuant to La. R.S. 51:1409(A). Once again, the correct procedural method for obtaining an award of fees and costs is to file a motion pursuant to Federal Rule of Civil Procedure 54(d). Accordingly, Plaintiffs' motion to dismiss MC Mineral's counterclaim for attorneys' fees pursuant to LUPTA is **GRANTED**.

    C.    <u>MC Mineral's Claim for Return of Consideration</u>

Plaintiffs argue that MC Mineral's claim for the return of the consideration paid for the mineral lease is redundant based on their claim for rescission because a return of the purchase price is necessary if a rescission is granted. The Court will not dismiss a counterclaim by Defendants for rescission at this point in the litigation. This issue must be considered in the context of Plaintiffs' claims for fraud and breach of implied duties of good faith and fair dealing. Plaintiffs' motion to dismiss MC Mineral's counterclaim for a return of consideration is **DENIED**.

**III.   Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

**THUS DONE AND SIGNED**, this 10 day of August, 2009.

                                              DONALD E. WALTER
                                            UNITED STATES DISTRICT JUDGE